United States District Court
Southern District of Texas
**ENTERED**
June 30, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CESAR DANIEL CABRERA-MANZANO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-3042 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Cesar Daniel Cabrera-Manzano ("Petitioner"), a citizen of Mexico, entered the country near Laredo, Texas, on April 10, 2024.[1] He was inspected by an immigration and was not admitted or paroled.[2]  On April 22, 2024, Petitioner was released on his own recognizance and was served with a Notice to Appear charging him with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled."[3]  On March 25, 2026, Petitioner was taken into immigration custody because he failed to report to his scheduled immigration check-in appointment.[4]  On April 21, 2026, an

_____

[1] Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 6, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2] Respondents' MSJ, Docket Entry No. 6, p. 2.

[3] Id. at 3; Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 6-1, pp. 1-4.

[4] Respondents' MSJ, Docket Entry No. 6, p. 2.

immigration judge pretermitted Petitioner's application for asylum and withholding of removal and ordered Petitioner removed to Mexico.[5]  Petitioner has appealed that decision and remains in immigration custody.[6]

Pending before the court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief ("Habeas Petition") (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates due process and equal protection.[7]  Petitioner also alleges an as-applied challenge.[8]

Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 6).  Respondents argue that Petitioner's detention under § 1225(b)(2) does not violate due

---

[5]Id. at 3.

[6]Id.

[7]Habeas Petition, Docket Entry No. 1, pp. 5–11 ¶¶ 24–56. Petitioner also argues that his detention without a bond hearing is arbitrary and capricious under the Due Process Clause of the Fifth Amendment.  Id. at 11–13 ¶¶ 57–65.  This claim will be addressed as part of Petitioner's broader Due Process claim.  See Betancourth v. Tate, CIVIL ACTION NO. 4:26-cv-01169, 2026 WL 638482, at *1 n.2 (S.D. Tex. Mar. 6, 2026).  However, to the extent that Petitioner alleges this claim under the Administrative Procedure Act, it is foreclosed as a matter of law.  García v. Venegas, CIVIL ACTION NO. 1:26-CV-266, 2026 WL 1580638, at *1 n.3 (S.D. Tex. Jun. 2, 2026).

[8]Habeas Petition, Docket Entry No. 1, pp. 13–14 ¶¶ 66–70. Petitioner's as-applied challenge fails because "he presents no authority to support his claim that his circumstances present a viable as-applied due process challenge" and because § 1225(b)(2) authorizes his continued detention.  García, 2026 WL 1580638, at *2.

process or equal protection because he is an applicant for admission.[9]  Petitioner has filed a reply.[10]

Petitioner's detention without a bond hearing does not violate substantive or procedural due process.  As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).  Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Moreover, Petitioner's "Fifth Amendment equal protection claim is unavailing because he fails to identify a similarly situated class that is treated more favorably than noncitizens who entered the country without inspection, and he does not state facts to show that he falls outside of the statutory definition of an applicant for admission under 8 U.S.C. § 1225(b) as interpreted by the Fifth

---

[9]Respondents' MSJ, Docket Entry No. 6, pp. 1-2.

[10]Petitioner's Opposition to Respondent's Motion for Summary Judgment and Reply in Support of Petition for Writ of Habeas Corpus, Docket Entry No. 7.

-3-

Circuit in <u>Buenrostro-Menendez</u>."[11]  <u>Soy v. Blanche</u>, CIVIL ACTION NO. 4:26-CV-02808, 2026 WL 1018345, at *1 (S.D. Tex. Apr. 15, 2026).

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 30th day of June, 2026.

 

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[11]Although Petitioner argues that noncitizens who overstayed their visas are a similarly situated class that is treated more favorably than noncitizens who entered the country without inspection, "Petitioner is comparing himself to a distinct group of noncitizens who are in removal proceedings on entirely different grounds." Respondents' MSJ, Docket Entry No. 6, p. 14 (explaining that "entry into the United States without inspection is a criminal offense, [while] overstaying a visa is a civil infraction").